UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
**AAFREEN FATHIMA KIZHAKKEYVEETTIL**                             :
**ABDUL RAHIMAN**,
                                                                 :
                              Plaintiff,                         :   **MEMORANDUM DECISION AND**
                                                                     **ORDER**
                                                                 :
           – against –                                               23-CV-3505 (AMD) (VMS)
                                                                 :

                                                                 :
**BJARKE INGELS GROUP, NYC LLC**,                                :

                                                                 :
                              Defendant.                         :
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff sued the defendant on May 4, 2023 for "intellectual property theft / infringement" and "trade secret theft."[1]  (ECF No. 1 at 4.)  The Court granted the plaintiff's motion to proceed *in forma pauperis* on May 11, 2023.  (*ECF Order dated May 11, 2023*.)  Before the Court is the defendant's motion to dismiss.  For the following reasons, the defendant's motion is granted.

## BACKGROUND[2]

The plaintiff is an architect and urban designer.  She studied at the School of Planning and Architecture in New Delhi, India, as well as the Bartlett School of Architecture in London,

---

[1] Although the plaintiff does not cite a federal statute, the Court evaluates her claims under the Copyright Act of 1976.  Federal courts have exclusive jurisdiction over intellectual property infringement or copyright claims.  *See* 28 U.S.C. § 1338 (a) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.").

[2] Because the plaintiff is *pro se*, the Court considers the facts alleged in the complaint as well as those in her opposition papers.  *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a pro se party in his papers opposing the motion."); *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018) ("Because [the plaintiff] is proceeding *pro se*, the Court may consider new facts raised in opposition papers to the extent that they are consistent with the complaint, treating the new factual allegations as amending the original complaint.").

where she developed an interactive videogame called "Procedural Livability," an "experimental tool to test the strategies that would alter the livability level of a city" and collect data about the users' experience. (ECF No. 1 at 9.) The plaintiff used the videogame to enable public participation in urban design. (*Id.*)

The plaintiff interviewed for a position as an urban designer with Bjarke Ingles Group NYC, LLC ("BIG") on April 27, 2021. (*Id.* at 5.) During the interview, she discussed her videogame project and "the future use of gaming tools" (*id.* at 9); she says that she gave BIG "[d]ownloadable videogame build files," as well as articles "in which [her] idea for gaming tool is discussed"[3] and excerpts of her thesis from Bartlett (*id.* at 6). BIG did not hire the plaintiff.

In her complaint, the plaintiff alleges that BIG stole and profited from the ideas she shared during her interview—using a videogame to gather real-time feedback from users and collecting that data to evaluate and design more livable cities. (*Id.* at 5.) In a December 7, 2022 email to BIG, the plaintiff wrote that people "have been talking about my proposed idea on public platforms without my consent." (*Id.* at 9.) She said that she did not authorize anyone at BIG to share, sell or reproduce her work, and she requested compensation "for the damage caused by what took place." (*Id.*)

BIG's general counsel, Richard Elbert, responded in a December 14, 2022 letter that BIG was taking the plaintiff's concerns "seriously." (*Id.* at 10.) Elbert asked the plaintiff for additional information, including details about the intellectual property that the plaintiff contended was stolen, the BIG employees who were allegedly talking about her ideas, and evidence of the "public platforms" to which the plaintiff referred. (*Id.*) The plaintiff replied the same day, attaching the materials that she shared with BIG before and during her interview. She

---

[3] These articles provide a high-level description her project, "Procedural Livability," from the Autumn 2020 Prospectives Lecture Series at Bartlett. (ECF No. 25-2 at 52.)

also provided three URL links to a two-minute portion of a videotaped lecture that Dan Sundlin, who interviewed the plaintiff at BIG, gave on art and architecture. In the lecture, Sundlin discussed BIG's philosophy of "Formgiving," which means "giving form to that which has not taken shape." (ECF No. 16-7 at 14.) According to the plaintiff, Sundlin's comments revealed that "BIG is implementing [the plaintiff's] vision." (*Id.* at 11.) She also stated, "I agree that many institutions are exploring tools and approaches along similar lines," but "BIG decided to implement this shortly after I spoke about it and shared my work related to it." (*Id.*)[4]

On February 3, 2023, Elbert replied that BIG reviewed the plaintiff's claims and "[found] that they are without merit." (*Id.* at 26.) He stated that "ideas for interactive tools for urban design participation are not novel ideas," and that "an idea or concept cannot be copyrighted or patented." (*Id.*) Elbert also pointed out that Sundlin's lecture did not include any of the documents or specific ideas from her interview; rather, "BIG's partner describes theories and practices that incorporate collaborative community feedback tools" that are "an integral part of many architectural firms' design processes." (*Id.*)[5]

The plaintiff sued the defendant on May 4, 2023.[6] She claims that "her interviewers," including Sundlin, said during the interview that they were "new to the idea of using videogames in architecture and urban design, questioned its application, and requested for more information." (ECF No. 1 at 6.) According to the plaintiff, this statement proves "that [BIG] decided to

---

[4] The plaintiff also said that she "suspect[s]" BIG "of committing identity theft and forging documents related to the same," and that the "company should look into this more." (*Id.*) The plaintiff has not elaborated on this claim in the complaint or her subsequent filings; accordingly, the Court does not consider it.

[5] Elbert did not address the identity theft allegation.

[6] On February 24, 2023, the plaintiff filed an identical lawsuit against BIG in New York Supreme Court, Kings County. On May 4, 2023, the same day she filed her complaint in federal court, Justice Heela D. Capell dismissed the action pursuant to CPLR 3211 because the court did not have jurisdiction to hear the plaintiff's copyright and intellectual property claims.

3

implement the idea of [a] gaming tool" after she told Sundlin about her idea. (*Id.*) She also claims that the lecture Sundlin videotaped is evidence of this fact.

In seeking dismissal, the defendant argues that the plaintiff has not alleged a valid copyright, or sufficiently identified what the defendants did to copy her allegedly protected work. (ECF No. 17.) The defendant also requests attorney's fees pursuant to Section 505 of the Copyright Act.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Pleadings are to be construed in the light most favorable to the plaintiff. *Hayden v. Paterson*, 594 F. 3d 150, 160 (2d Cir. 2010).

A *pro se* complaint is held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). However, even a "pro se complaint must state a plausible claim for relief." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021). The Court cannot "invent factual allegations." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

### I. The Plaintiff Does Not Allege Infringement

"[W]hether an infringement has occurred in the United States is a matter of United States law." *See Bridgeman Art Library, Ltd. v. Corel Corp.*, 25 F. Supp. 2d 421, 426 (S.D.N.Y. Nov. 13, 1998); *Joint Stock Co. v. Russian TV Co.*, No. 18-CV-2318, 2019 WL 804506, at *4 (S.D.N.Y. Feb. 21, 2019).[7] A plaintiff claiming copyright infringement in the United States must show that she has "ownership of a valid copyright," and that "constituent elements" of her original work were copied. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). To satisfy the second element, a plaintiff must demonstrate that "the defendant has actually copied the plaintiff's work," and "the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's [work]." *Yurman Design, Inc. v. PAJ Inc.*, 262 F.3d 101, 110 (2d Cir. 2001) (internal quotation marks omitted). Facts and ideas are not protected by copyright. *See Feist Publ'ns*, 499 U.S. at 347 ("[F]acts do not owe their origin to an act of authorship. The distinction is one between creation and discovery: The first person to find and report a particular fact has not created the fact; he or she has merely discovered its existence."); *Mattel, Inc. v. Goldberger Doll Mfg. Co.*, 365 F.3d 133, 135–36 (2d Cir. 2004) ("[C]opyright does not protect ideas; it protects only the author's particularized expression of the idea.").

---

[7] The plaintiff does not allege that she registered her videogame, or any discrete, protectable element of her game, with the United States Copyright Office. Rather, she states that she has a valid copyright in the United Kingdom, which is recognized in the United States under the Convention for the Protection for Literary and Artistic Works. (*See* ECF No. 25 at 5–7 (stating that her work was "first published in the UK as part of the Bartlett School of Architecture UCL's Prospective lecture Series August 2020.").) The Court assumes without deciding that the plaintiff has a valid copyright in the United Kingdom and does not address whether United States or United Kingdom law would apply in making that determination.

5

The plaintiff alleges that "[the defendant] used [her] idea" as well as "the videogame [she] shared" at her April 27, 2021 interview and that "[t]here is evidence that [the defendant is] using my work." (ECF No. 1 at 6.) She also alleges that "BIG has infringed copyright protected elements of the game, specifically the artwork and audiovisual material." (ECF No. 25 at 9.) However, she does not say how or where the defendant used her work. Rather, she cites a two-minute snippet of Sundlin's lecture,[8] which does not appear to bear any relationship to the plaintiff's allegations. Even had Sundlin said anything about the plaintiff's idea, merely mentioning an idea is not copyright infringement. *See Shull v. TBTF Prods., Inc.*, No. 20-3529, 2021 WL 3027181, at *2 (2d Cir. July 19, 2021) (citing *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 67 (2d Cir. 2020)); *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 517 (S.D.N.Y. 2022) (citing *Eldred v. Ashcroft*, 537 U.S. 186, 219 (2003)); *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 432–33 (1984) (copyright law "has never accorded the copyright owner complete control over all possible uses of his work").

But Sundlin did not refer to the plaintiff's videogame or to any videogame in the portion of the lecture that the plaintiff cites. Rather, Sundlin discussed BIG's philosophy of "Formgiving" and the idea that design should consider or be influenced by stakeholders, like people who live in the cities and buildings that architects design.[9] *See Castro v. Cusack*, No. 15-CV-6714, 2016 WL 11543558, at *2 (E.D.N.Y. Mar. 17, 2016); *Adams v. Warner Bros. Pictures Network*, No. 05-CV-5211, 2007 WL 1959022, at *4 (E.D.N.Y. June 29, 2007), *aff'd sub nom.*

---

[8] The video is available at: https://twitter.com/ahldesign/status/1423389754259775488.

[9] Sundlin's passing reference to "tools" that gather "feedback in real time"—to the extent the plaintiff means to rely on it—is far too vague establish copyright infringement. *See Stevens v. Tomlin*, No. 23-CV-5898, 2023 WL 5486247, at *2 (E.D.N.Y. Aug. 24, 2023) (dismissing *pro se* complaint because factual allegations too "sparse" to state a claim of copyright infringement).

6

*Adams v. Warner Bros. Pictures*, 289 F. App'x 456 (2d Cir. 2008) (dismissing *pro se* complaint because factual allegations do not show "substantial similarity" between the works at issue).

In short, the plaintiff does not allege "by what acts during what time" the defendant stole her work. *Kelly*, 145 F.R.D. at 36. Accordingly, her copyright claim is dismissed.

**II.     Fees**

The Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Fee awards, however, are not "automatic" or given "as a matter of course." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994); *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 39–40 (S.D.N.Y. 2015). "There is no precise rule or formula that district courts must apply in determining whether to award attorney's fees." *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 108 (2d Cir. 2014) (cleaned up). However, "the Supreme Court has suggested a list of non-exclusive factors"—the *Fogerty* factors—which include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (quoting *Fogerty*, 510 U.S. at 534). "Of these factors, objective reasonableness . . . should be given substantial weight in determining whether an award of attorneys' fees is warranted." *Id.* (cleaned up).

The defendant maintains that the plaintiff's complaint is objectively baseless, that she knew it was baseless, and that she pursued the action because she is a "disgruntled job seeker." (ECF No. 17 at 20; ECF No. 27 at 4.) According to the defendant, "[t]he Court should [] not

overlook the [plaintiff's] motivations," and that it is now "abundantly clear" that the plaintiff knew her claim would fail. (ECF No. 17 at 15.)

Courts must be "mindful that attorney's fees should only rarely be awarded against plaintiffs proceeding *pro se*." *Bauer v. Yellen*, 375 F. App'x 154, 156 (2d Cir. 2010).  Here, there is no evidence that the plaintiff has acted in bad faith.  The defendant points out that its counsel advised the plaintiff that her claims had no merit, but such a statement by an adversary does not by itself support an award of attorneys' fees.  Nor is the time that the defendant spent defending this case relevant in the absence of a finding that the plaintiff "was improperly motivated and otherwise acted in bad faith in bringing the instant lawsuit." *Baker v. Urb. Outfitters, Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007).  The record is insufficient to support such a finding.  Accordingly, the Court "declines to award attorney's fees at this time." *Adams*, 2007 WL 1959022, at *6.  However, the "plaintiff is put on notice that fees may be awarded in the future should [s]he attempt to file another [complaint]" without addressing the concerns raised in this Order. *Id.*

## CONCLUSION

For the reasons explained above, the defendant's motion to dismiss is granted, and the plaintiff's complaint is dismissed.

Given the plaintiff's *pro se* status, the Court grants her leave to file an amended complaint within thirty days of this Order. If the plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order: No. 23-CV-3505 (AMD) (VMS). The amended complaint will replace the original complaint and must therefore stand on its own without reference to any previous complaints. The plaintiff must allege sufficient facts to allow the defendant to understand the basis for her claims. Legal conclusions and conclusory allegations will not suffice. In addition, should the plaintiff pursue a copyright infringement claim for her videogame, she must set forth facts to show that she has a valid copyright and that the defendant actually copied elements of her work that are original.

The plaintiff is encouraged to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729, for free, limited-scope legal assistance.

All further proceedings will be stayed for 30 days. If the plaintiff does not file an amended complaint within the time allowed, or show good cause why she cannot comply, the Court will direct the Clerk of Court to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       March 25, 2024