UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
**AAFREEN FATHIMA KIZHAKKEYVEETTIL**                               :
**ABDUL RAHIMAN**,                                                 :
                         Plaintiff,    :   **MEMORANDUM DECISION AND**
                                                                      **ORDER**
                                                                   :
           – against –                                    23-CV-3505 (AMD) (VMS)
                                                                   :
**BJARKE INGELS GROUP, NYC LLC**,                                  :
                                                                   :
                        Defendant.                                :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

      The Court dismissed the *pro se* plaintiff's first complaint in which she alleged copyright infringement, but gave her leave to file an amended complaint, which she did on April 2, 2024. (ECF Nos. 30, 31.)[1] Before the Court is the defendant's motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), and for attorney's fees under Section 505 of the Copyright Act. (ECF Nos. 32, 35.) For the following reasons, the Court grants the motion to dismiss, and denies the motion for attorney's fees.

## BACKGROUND

      The facts of this case are detailed in the Court's March 25, 2024, memorandum decision and order granting the defendant's first motion to dismiss (ECF No. 30), and will not be repeated except as necessary to explain the basis for the Court's decision.

---

[1] While the plaintiff generally alleges "intellectual property theft/copyright infringement" (ECF No. 31 at 4), the Court construes her claims as being brought under the Copyright Act of 1976. Federal courts have exclusive jurisdiction over intellectual property infringement or copyright claims. *See* 28 U.S.C. § 1338(a) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.").

On April 27, 2021, the plaintiff, an architect and urban designer, interviewed for a position with the defendant. (ECF No. 31 at 6). The plaintiff alleges that her interviewers were interested in a videogame she developed, and that she shared downloadable files for the game with the defendant after the interview. (*Id.*) The defendant did not hire the plaintiff. (*Id.*)

In a December 7, 2022, email to the defendant, the plaintiff wrote that she understood the company to be "working further on [her] proposed idea" and that the defendant was "stealing [her] intellectual property for [the] company's/personal benefits." (*Id.* at 24.) On December 14, 2022, the defendant's general counsel, Richard Elbert, responded asking for additional information that would allow the company to "clearly understand and address [her] concerns." (*Id.* at 25.) The plaintiff responded later that day, attaching the email in which she shared the game files with the defendant and linked to a presentation given by Daniel Sundlin, one of her interviewers. (*Id.* at 26.)[2] Elbert wrote back to the plaintiff on February 3, 2024, explaining that "ideas for interactive tools for urban design participation are not novel ideas," and that a "discussion of design methods and available tools that may improve collaboration in design is not actionable and not an infringement of anyone's intellectual property rights." (*Id.* at 27.)

The plaintiff brought this action on May 4, 2023, alleging copyright infringement. (ECF No. 1.) On June 15, 2023, the defendant moved to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (ECF Nos. 15, 17.) On March 25, 2024, the Court dismissed the plaintiff's claims, but in consideration of her *pro se* status, granted her leave to file an amended complaint (ECF No. 30 at 9); the Court advised the plaintiff that if she filed an

---

[2] During an August 5, 2021, lecture on art and architecture, Sundlin discussed the defendant's philosophy of "Formgiving," which the plaintiff alleges was proof that the defendant was "implementing" her "vision." (ECF No. 30 at 3.) The video is available at:
https://twitter.com/ahldesign/status/1423389754259775488.

2

amended complaint, she "must set forth facts to show that she has a valid copyright and that the defendant actually copied elements of her work that are original." (*Id.*)[3]

On April 4, 2024, the plaintiff filed an amended complaint, in which she makes substantially the same allegations as her original complaint; the only addition is her claim that she "discovered new evidence" that one of the defendant's employees was "implementing [a] proposed tool" that resembled the videogame she shared with the defendant. (ECF No. 31 at 7.) The plaintiff attached screenshots of a video that show the employee demonstrating this "tool" at an event in October 2023. (*Id*. at 7, 30–34.)

On April 17, 2024, the defendant moved to dismiss the amended complaint for failure to state a claim. (ECF Nos. 32, 35.) The defendant also seeks attorney's fees pursuant to Section 505 of the Copyright Act. (ECF No. 35.)

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) challenge, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although a plaintiff need not set forth "detailed factual allegations," a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When faced with a Rule 12(b)(6) motion, the Court "accept[s] all factual allegations in the complaint as

---

[3] The Court denied the defendant's request for attorneys' fees. (*Id.* at 8.)

3

true and draw[s] all inferences in the plaintiff's favor." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).

The Court "liberally construe[s]" *pro se* filings and evaluates them by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also McCray v. Lee*, 963 F.3d 110, 117 (2d Cir. 2020). However, even a "*pro se* complaint must state a plausible claim for relief." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021). The Court cannot "invent factual allegations." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

### I.  Copyright Infringement

To allege a claim for copyright infringement under United States law, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). For purposes of deciding the motion to dismiss, the Court accepts as true the plaintiff's assertion that her videogame is "protected by [the United Kingdom's] copyright law," satisfying the first element. (ECF No. 31 at 8.)[4]

With respect to the second element, a plaintiff must show that "(1) the defendant has actually copied the plaintiff's work; *and* (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (quoting *Yurman Design, Inc. v. PAJ Inc.*, 262 F.3d 101, 110 (2d Cir. 2001)) (emphasis in original). Copyright law does not protect facts and ideas,

---

[4] In its March 25, 2024, order, the Court also assumed that the plaintiff has a valid copyright in the United Kingdom and did not address whether United States or United Kingdom law governs that determination. (ECF No. 30 at 5 n.5.)

4

"only the author's particularized expression of the idea." *Mattel, Inc. v. Goldberger Doll Mfg. Co.*, 365 F.3d 133, 135–36 (2d Cir. 2004); *see also Feist Publ'ns*, 499 U.S. at 347 ("[F]acts do not owe their origin to an act of authorship.  The distinction is one between creation and discovery: The first person to find and report a particular fact has not created the fact; he or she has merely discovered its existence.").

The plaintiff alleges, as she did in the original complaint, that the defendant used "the work and ideas" she shared with them "for profit[ ] using a gaming platform to gather real-time feedback from users and collecting that data to evaluate and design spaces."  (ECF No. 31 at 6.) In addition to the two-minute excerpt of Sundlin's lecture, which she cited in her original complaint, she relies on an October 2023 video of a different employee "exhibiting and explaining" a "tool" that bears "substantial similarity" to her videogame.  (*Id.* at 6–7, 29–34.)

The plaintiff has not sufficiently alleged copyright infringement.  As explained in the Court's March 25, 2024, decision, the two-minute snippet of Sundlin's lecture "does not appear to bear any relationship to the plaintiff's allegations," and, "[e]ven had Sundlin said anything about the plaintiff's idea, merely mentioning an idea is not copyright infringement."  (ECF No. 30 at 6 (collecting cases).)  Moreover, "Sundlin did not refer to the plaintiff's videogame or to any videogame in the portion of the lecture the plaintiff cites," and, instead, "discussed [the defendant's] philosophy of 'Formgiving' and the idea that design should consider or be influenced by stakeholders." (*Id.* at 6–7 (collecting cases).)  Nothing in the plaintiff's amended complaint alters this analysis.

Nor does the additional video establish copyright infringement.  The plaintiff asserts that her videogame "featur[es] a drone that casts rays when triggered" and that "a very similar technique is used in the tool developed by" the defendant in the video.  (ECF No. 31 at 7.)  The

5

plaintiff concedes, however, that she did not invent the technique and that it is used in other videogames. (*Id.* at 7.)[5] She does not explain how this element of her videogame — a digital line akin to a laser pointer — is a "particularized expression of [an] idea" that is protectible. *See Mattel, Inc.*, 365 F.3d at 135–36. Moreover, the fact that this single element "resembles" one aspect of her videogame does not establish the "substantial similarity" necessary to sustain a copyright claim. *Abdin*, 971 F.3d at 66; *see also Adams v. Warner Bros. Pictures*, 289 F. App'x 456, 457 (2d Cir. 2008) (affirming dismissal of a copyright claim where "no substantial similarities would be identified by a 'lay observer.'") (quoting *Williams v. Crichton*, 84 F.3d 581, 590 (2d Cir. 1996)); *Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 632 (S.D.N.Y. 2008) (dismissing copyright claim where the alleged infringement was "*de minimis*" and "no reasonable juror could find substantial similarity").

In sum, the plaintiff has not sufficiently alleged copyright infringement. Accordingly, the plaintiff's claims are dismissed.

## II.     Additional Claims[6]

In the amended complaint, the plaintiff alleges generally that the defendant's decision not to hire her "seemed unfair . . . considering that [the defendant] indeed decided to implement the proposed tool." (ECF No. 31 at 8.) To the extent the plaintiff means to allege additional causes

---

[5] According to the defendant, the tool shown in the video incorporates "a commercially available virtual reality plugin known as Enscape," which the defendant started using "on or about June 2018," before the plaintiff's interview with the company. (ECF No. 35 at 11–13.) This allegation is not in the amended complaint, so the Court does not consider it.

[6] In her opposition brief, the plaintiff asks the Court to "deny the Defendant's Motion to dismiss . . . or, in the alternative, provide the Plaintiff with an opportunity to amend the amended Complaint with the additional facts presented in this affirmation." (ECF No. 38 at 5.) Because the plaintiff is *pro se*, the Court considers those facts as though they were a part of her amended complaint. *See Walker*, 717 F.3d at 122 n.1 ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.").

6

of action on this basis, her assertions that the defendant's decision not to hire her was unfair and her objections to the comments in their brief are not sufficient to state a claim.[7]

Additionally, the plaintiff asserts in her opposition that the defendant in its brief "made several false statements disrespecting and defaming" her by suggesting that she did not have the requisite qualifications to hold herself out as an architect.  (ECF No. 38 at 4–5.)  However, a statement is only defamatory if it "exposes an individual 'to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace.'"  *Celle v. Filipino Rep. Enters. Inc.*, 209 F.3d 163, 177 (2d Cir. 2000) (quoting *Kimmerle v. New York Evening J.*, 262 N.Y. 99, 102 (1933)).  In other words, "[t]o be actionable . . . the statement must do more than cause discomfort or affront."  *Chau v. Lewis*, 771 F.3d 118, 127 (2d Cir. 2014).  Further, "New York has traditionally accorded an absolute privilege to oral or written communications made in the course of judicial proceedings and which relate to the litigation."  *D'Annunzio v. Ayken*, Inc., 876 F. Supp. 2d 211, 216 (E.D.N.Y. 2012).

The defendant made only one plausibly defamatory statement, writing: "[T]he Plaintiff appears to be assuming professional titles she does not legitimately possess . . . . [S]igns point to the Plaintiff never being registered as an architect, or at least the Defendant has found no evidence beyond Plaintiff's claims that she has ever been registered as one in India, the UK, or New York."  (ECF No. 35 at 18.)  This assertion does not expose the plaintiff to the type of "public hatred, shame" or "disgrace" necessary to sustain a defamation claim.  *Celle*, 209 F.3d at 177.  At worst, this statement questions the plaintiff's professional credentials; while the plaintiff produced evidence verifying that she is a registered architect in India (ECF No. 38 at 4, 8–10),

---

[7] Further, any state law claims that are based on the same conduct as her copyright claims are preempted.  *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 717 (2d Cir. 1992).

7

defamation law is not available in cases of mere "discomfort or affront." *Chau*, 771 F.3d at 127. While the statement is inaccurate and gratuitous, the defendant made it in connection with the litigation; thus, the defendant is entitled to immunity under New York law. Accordingly, the plaintiff does not allege defamation.

### III.     Fees

Section 505 of the Copyright Act permits the Court "in its discretion [to] allow the recovery of full costs by or against any party other than the United States" and to "also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. An award of attorney's fees is not "automatic," *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994), and there is "no precise rule or formula' that district courts must apply in determining whether to award attorney's fees." *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 40 (S.D.N.Y. 2015) (quoting *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 108 (2d Cir. 2014) (internal quotations omitted)). There are, however, factors courts consider, including "frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534 n.19 (citation and internal quotations omitted). Of these factors, "objective reasonableness . . . should be given substantial weight." *Zalewski*, 754 F.3d at 108 (quoting *Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 122 (2d Cir. 2001).

The defendant argues that the plaintiff's lawsuit is objectively unreasonable because it alleges infringement based solely on the defendant's use of a digital line "in a virtual reality walkthrough that merely used a 'similar technique' but did not copy expression from her videogame." (ECF No 40 at 8.)[8] The defendant seeks a fee award of $22,680, which "reflects

---

[8] The defendant asks the Court to consider other "subjective" indicia of frivolousness and unreasonableness, including that the plaintiff increased her damage request in the amended complaint

8

the resources unnecessarily expended in defending against this frivolous litigation." (ECF No. 40 at 10.)

The Court warned the plaintiff in its March 25, 2024 decision, that "fees may be awarded in the future should she attempt to file another complaint without addressing the concerns raised in this Order." (ECF No. 30 at 8 (citations and internal quotations omitted) (alterations incorporated).) As explained above, the plaintiff makes essentially the same allegations — with one addition — that she made in the original complaint, and these allegations do not make out a viable copyright infringement claim. Moreover, the defendant has expended resources to defend against the plaintiff's claims, which, as explained above, are meritless. Nevertheless, "attorney's fees should only rarely be awarded against plaintiffs proceeding *pro se*." *Bauer v. Yellen*, 375 F. App'x 154, 156 (2d Cir. 2010); *see also Fort Knox Music, Inc. v. Baptiste*, 47 F. Supp. 2d 481, 484 (S.D.N.Y. 1999) ("[I]n light of both defendant's *pro se* status and the limited burden upon plaintiffs in prosecuting this [copyright] action, the Court declines to award attorneys' fees [under Section 505]."). That is especially true when the plaintiff is proceeding *in forma pauperis,* as this plaintiff is.

The Court declines to award fees in this case. While the plaintiff does not allege copyright infringement, the record does not show that she was "improperly motivated and otherwise acted in bad faith in bringing the instant lawsuit." *Baker v. Urb. Outfitters, Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007). Accordingly, the defendant's request is denied. However, because the plaintiff's copyright infringement claims lack legal merit, they are dismissed with prejudice.

---

(ECF No. 35 at 18–19), and the fact that she "successfully navigated legal processes, like the . . . U.S. immigration system . . . and state court rules" (ECF No. 40 at 8–9). The Court declines to do so.

9

## CONCLUSION

For these reasons, the defendant's motion is granted in part and denied in part. The plaintiff's copyright infringement claims are dismissed with prejudice, and the defendant's request for attorney's fees is denied.

The Court denies the plaintiff further leave to amend. The Court gave the plaintiff the chance to amend her complaint and advised her that "she must set forth facts to show that she has a valid copyright claim and that the defendant actually copied elements of her work that are original." (ECF No. 30 at 9.) She did not follow that directive. Further leave is not warranted because the "problem with [the plaintiff's] causes of action is substantive" and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, because "[r]epleading would . . . be futile," the plaintiff's request for leave to amend is denied. *Id.* Moreover, the Court cautions the plaintiff that should she raise the same claims in a subsequent lawsuit, the Court will impose a monetary sanction, absent exceptional circumstances.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
December 2, 2024